**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Great Lakes Insurance SE,**<br>***Plaintiff*** | §<br>§ | |
| **v.** | §<br>§ | **No. 1:25-cv-00848-ADA-SH** |
| **Lytton Springs Investments LLC and Jesus Diaz,**<br>***Defendants*** | §<br>§ | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion for Summary Judgment, filed January 29, 2026 (Dkt. 21); Plaintiff's Unopposed Motion for Leave to File First-Amended Complaint, filed February 12, 2026 (Dkt. 24); Plaintiff's First Amended Motion for Summary Judgment, filed February 12, 2026 (Dkt. 25); and the associated response and reply briefs.[1]

## I. Background

Plaintiff Great Lakes Insurance SE issued Defendant Lytton Springs Investments LLC a commercial general liability insurance policy ("Policy") for the period October 21, 2023 to October 21, 2024. The Policy requires Great Lakes to indemnify Lytton for "damages because of 'bodily injury' or 'property damage'" and to "defend any 'suit' seeking those damages." Dkt. 25-1 at 16. The Policy contains a "Pollution Exclusion" excluding coverage for bodily injury or property damage resulting from the "discharge, dispersal, seepage, migration, release or escape of 'pollutants.'" *Id.* at 36.

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 4.

Defendant Jesus Diaz sued Lytton in Texas state court for bodily injury. *Diaz v. El Padrino Event Ctr. LLC, Dale Super Mercado Inc., Lytton Springs Investments, LLC, & Carter Septic Solutions, LLC*, No. D-1-GN-24-004434 (98th Dist. Ct., Travis Cnty., Tex. July 18, 2024) ("Underlying Lawsuit"). Diaz alleged that he was an invitee on property owned or operated by Lytton and "came into contact with human waste when the toilets on the Premises overflowed, flooding the Premises with copious amounts of raw sewage." Dkt. 25-1 at 156 ¶ 13. Diaz alleges that he "was severely injured as a result of his exposure to contaminated water from the flooded toilets." *Id.* ¶ 15. He brings claims of premise liability, negligence, and negligence per se.

Great Lakes is providing a qualified defense to Lytton in the Underlying Litigation under a reservation of rights. Great Lakes brings this action seeking a declaratory judgment that it has no duty to defend or indemnify Lytton or satisfy any judgment Diaz obtains in the Underlying Lawsuit.

## II. Plaintiff's Motions for Summary Judgment

Because Great Lakes amended its motion for summary judgment, this Magistrate Judge **RECOMMENDS** that Judge Albright **DISMISS AS MOOT** Plaintiff's original Motion for Summary Judgment (Dkt. 21).

In its amended motion, Great Lakes argues that the Policy's pollution exclusion excludes coverage of the Underlying Lawsuit as a matter of law. Diaz did not respond to the motion. Lytton argues that Great Lakes has a duty to defend because the Underlying Lawsuit "potentially includes a claim that falls within the coverage of the policy." Dkt. 26 at 2. Lytton also argues that Great Lakes' duty to indemnify cannot be determined until the Underlying Lawsuit is resolved.

### A. Legal Standard

Summary judgment is proper when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled judgment as a matter of law." FED. R. CIV.

P. 56(a). A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 484 (5th Cir. 2014) (citation omitted).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation omitted). If the moving party meets its initial burden, the burden then shifts to the nonmoving party "to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Davis*, 765 F.3d at 484 (cleaned up).

When ruling on a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

**B. Contract Analysis under Texas Law**

Because this case is before the Court on diversity of citizenship jurisdiction, Texas substantive law applies. *State Farm Lloyds v. Richards*, 966 F.3d 389, 392 (5th Cir. 2020). An insurer owes two distinct and separate duties: the duty to defend the insured against lawsuits and the duty to indemnify the insured against claims and judgments. *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009). The duty to defend is determined under the "eight-corners rule." *Richards v. State Farm Lloyds*, 597 S.W.3d 492, 494 (Tex. 2020).

> The eight-corners rule provides that when an insured is sued by a third party, the liability insurer is to determine its duty to defend solely from the terms of the policy and the pleadings of the third-party claimant. Resort to evidence outside the four corners of these two documents is generally prohibited.

*GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006). Whether an insurer has a duty to defend an insured is a question of law. *Siplast, Inc. v. Emps. Mut. Cas. Co.*, 23 F.4th 486, 492 (5th Cir. 2022).

When considering whether a third-party complaint triggers a duty to defend, the focus is on "the factual allegations that show the origin of the damages rather than on the legal theories alleged." *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines*, 939 S.W.2d 139, 141 (Tex. 1997) (per curiam). "If the underlying pleadings allege facts that may fall within the scope of coverage, the insurer has a duty to defend; if the pleading only alleges facts excluded by the policy, there is no duty to defend." *Siplast*, 23 F.4th at 493 (citation omitted). When the insurer relies on the policy's exclusions, it bears the burden of proving that one or more of those exclusions apply. *Id.* at 494. When deciding whether a third-party complaint alleges a claim covered by the duty to defend, courts "construe the pleadings liberally" and "resolve all doubts regarding the duty to defend in favor of the duty." *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008).

### C. Duty to Defend

Great Lakes argues that it has no duty to defend Lytton because coverage for the Underlying Lawsuit is excluded by the pollution exclusion, which provides:

> This insurance does not apply to:
>
> **f. Pollution**
>
> (1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

Dkt. 25-1 at 36. The exclusion defines "pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed." *Id.* at 17. Lytton Springs does not dispute that the pollution exclusion is unambiguous as written, and courts applying Texas law

"have consistently interpreted pollution exclusions such as this to be absolute and unambiguous." *Liberty Mut. Fire Ins. Co. v. Copart of Conn., Inc.*, 75 F.4th 522, 529 (5th Cir. 2023) (collecting cases).

Great Lakes argues that raw sewage is an irritant and a contaminant. Raw sewage may be an irritant if the sewage directly causes the underlying plaintiff's injury. *Peleus Ins. Co. v. Ron Sparks, Inc.*, No. 3:21-CV-251-S, 2022 WL 4125222, at *3 (N.D. Tex. Sept. 8, 2022). Because Diaz alleges that contact with raw sewage was the direct cause of his injuries, the Court finds that the raw sewage was an irritant.

Great Lakes also argues that Diaz alleges in the Underlying Lawsuit that his alleged injuries "would not have occurred but for the discharge, dispersal, release, and escape" of the raw sewage. Dkt. 25 at 10. "To 'release' a pollutant means to set it free from confinement." *Nautilus Ins. Co. v. Country Oaks Apartments Ltd.*, 566 F.3d 452, 456 (5th Cir. 2009). This includes raw sewage being set free from the confines of a toilet. *Peleus*, 2022 WL 4125222, at *3 (finding that raw sewage projecting out of a toilet into a restroom constituted release). The Court finds that Diaz alleged "release" of a pollutant by pleading that raw sewage overflowed the toilets and flooded the premises. Accordingly, the Underlying Lawsuit alleges bodily injury resulting from the release of a pollutant and Great Lakes sustained its burden to show that the Pollution Exclusion applies.

Because Great Lakes has sustained its burden, the burden shifts to Lytton "to show that an exception to the exclusion brings the claim back within coverage." *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010). Lytton did not respond to Great Lakes' argument that the pollution exclusion applies to the underlying claims and so concedes those arguments. *D&M Specialties, Inc. v. Apache Creek Props., L.C.*, No. SA-12-CA-588-FB, 2014 WL 12493290, at *3 (W.D. Tex. Aug. 21, 2014) ("Where a party fails to respond to arguments in the opposing party's motion for summary judgment, the points are conceded.").

Instead, Lytton contends that there is a gap in the underlying pleadings, and the Court should consider extrinsic evidence to determine Great Lakes' duty to defend.

Courts may consider extrinsic evidence only if it "(1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved." *Monroe Guar. Ins. Co. v. BITCO Gen. Ins. Corp.*, 640 S.W.3d 195, 197 (Tex. 2022). Lytton proffers two medical records as extrinsic evidence and contends that they may be considered under the *Monroe* factors, but misstates the *Monroe* standard by arguing that they "arguably" – not conclusively – establish the coverage fact to be proved. Dkt. 26 at 7.

The first medical record is from a psychiatry consult in which Diaz self-reports a hand infection. Dkt. 26-1 at 14. He is diagnosed with posttraumatic stress, generalized anxiety, and insomnia disorders, with the plan "Refer to Psychiatrist." *Id.* at 18-19. This extrinsic evidence does not conclusively establish whether the pollution exclusion applies under the third *Monroe* factor.

The second record, for an orthopedic surgery consultation, states that Diaz "developed septic flexor tenosynovitis of the right middle finger as a result of trauma, a direct puncture wound that occurred." Dkt. 26-1 at 22. Lytton argues that this evidence fills a gap in the pleadings by showing that Diaz suffered a puncture wound at the event center before the sewage release and "conclusively proves the fact that Great Lakes owes Lytton a duty to defend[] Diaz's initial puncture wound." Dkt. 26 at 8.

The Court agrees with Great Lakes that rather than identifying "any informational gap on the face of Diaz's Petition . . . Lytton seeks to introduce extrinsic evidence to create a gap." Dkt. 27 at 2-3. The Court could only consider the second record under *Monroe* factor three if it conclusively establishes that Diaz's injuries were not caused by exposure to raw sewage, which would contradict the allegation in Diaz's pleading under *Monroe* factor two. Lytton's proffer also

runs afoul of *Monroe* factor one because the allegation that Diaz suffered an additional bodily injury overlaps with the merits of liability. The Court cannot consider the extrinsic evidence proffered by Lytton in determining Great Lakes' duty to defend under *Monroe*, 640 S.W.3d at 197.

Because Lytton has not met its burden to show that an exception to the pollution exclusion applies, this Magistrate Judge recommends that summary judgment be granted for Great Lakes on its duty to defend.

**D. Duty to Indemnify**

Lytton argues that summary judgment is premature because Great Lakes' duty to indemnify cannot be determined until the Underlying Lawsuit is adjudicated. "A motion for summary judgment cannot be granted simply because there is no opposition." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citation omitted). Although Diaz did not respond to Great Lakes' motion, it must be denied unless Great Lakes meets its initial burden.

The duty to indemnify "is determined by the facts that are eventually ascertained in the underlying lawsuit." *Hartford Cas. Ins. Co. v. DP Eng'g, L.L.C.*, 827 F.3d 423, 430 (5th Cir. 2016). Courts generally wait to resolve the duty to indemnify "until after a trial in the underlying litigation because facts established at trial determine the duty to indemnify." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 314 (5th Cir. 2021) (citation omitted). There is an exception when the insurer has no duty to defend and "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Hartford Cas. Ins.*, 827 F.3d at 430 (quoting *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)).

The Court finds that the pollution exclusion negates Great Lakes' duty to indemnify. Diaz alleges that Lytton breached its duty to maintain safe and sanitary toilets and to warn of the unsafe condition of its toilets. The factual and legal theories of the Underlying Lawsuit are limited to Diaz's exposure to raw sewage. No set of facts that are not excluded by the pollution exclusion

could be proved at trial that would allow the factfinder to conclude Lytton breached its duty to maintain safe and sanitary toilets, and that breach caused Diaz's injury. If Diaz suffered an injury before being exposed to sewage, as Lytton argues, the complaint does not assert any claims on that basis. This Magistrate Judge recommends that the Honorable Judge Albright grant summary judgment for Great Lakes as to its duty to indemnify because the pollution exclusion negates any possibility that it will have a duty to indemnify Lytton in the Underlying Lawsuit.

## III. Order

Great Lakes' motion for leave to amend its complaint is unopposed, and the Court finds no substantial reason to deny leave. The Court **GRANTS** Plaintiff's Unopposed Motion for Leave to File First-Amended Complaint (Dkt. 24) and **ORDERS** Great Lakes to separately file its amended complaint, now buried in a 196-page filing. Dkt. 24-1 at 22-33.

## IV. Recommendation

This Magistrate Judge **RECOMMENDS** that the Honorable Judge Albright **DISMISS AS MOOT** Plaintiff's original Motion for Summary Judgment (Dkt. 21), **GRANT** Plaintiff's Amended Motion for Summary Judgment (Dkt. 25), and enter a declaratory judgment that Great Lakes has no duty to defend or indemnify Lytton or satisfy any judgment Diaz obtains in the Underlying Lawsuit.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 10, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE